| | |
|---|---|
| United States of America, ex. rel.<br>JoAnn Russell,<br><br>                 Plaintiffs,<br><br>v.<br><br>Odyssey Health Care, Inc.<br>717 North Harwood St. Suite 1500<br>Dallas, TX 75201<br>                 Defendant. | '03 SEP -9 AM 10:43<br><br>03-C-0865<br><br>Civil Action, File No. ____<br>COMPLAINT FOR DAMAGES<br>AND INJUNCTIVE RELIEF<br>UNDER FALSE CLAIMS ACT<br><br>Filed *In Camera* pursuant to<br>31 U.S.C. § 3730(b)(2). |

## Complaint for Damages and Injunctive Relief Under False Claims Act

Plaintiffs, United States ex rel. JoAnn Russell, individually, and through their attorneys the Cross Law Firm, S.C., by Attorney Nola J. Hitchcock Cross and Attorney Jonathan A. Gruhl, complain and allege the following:

### I. Parties

1. Plaintiff, JoAnn Russell, is a citizen of the United States of America and a resident 6803 South 68th Street, Apartment 207, Franklin, WI 53132.

2. Plaintiff, JoAnn Russell, brings this action on behalf of the United States of America pursuant to 31 U.S.C. § 3730(b)(1). The United States of America is a sovereign country whose Department of Health and Human Services purchases hospice care services from defendant through Medicare programs.

4. Defendant, Odyssey Health Care, Inc. is, upon information and belief, a Delaware corporation, with its principal place of business at its corporate office of 717 North Harwood St. Suite 1500 Dallas, TX 75201. Odyssey was, at all times material to this complaint, authorized to collect Medicare benefits for the services it offers to clients regulated by 42 C.F.R. § 418

generally. Authorization and eligibility to receive compensation from the federal government for its services required compliance with 42 C.F.R. § 418.

## II. Jurisdiction and Venue

5. Jurisdiction lies in this Court pursuant to 28 U.S.C. § 1331, 1345 and 31 U.S.C. § 3732(a).

6. Venue is proper, among other reasons, pursuant to 28 U.S.C. § 1391(a) because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

## III. General Facts and Federal False Claims Allegation

7. This action is brought on behalf of the United States of America to recover all damages, penalties and other remedies established by and pursuant to 31 U.S.C. § 3729-3733, and JoAnn Russell claims entitlement to a portion of any recovery obtained by the United States as *qui tam* plaintiff authorized by 31 U.S.C. § 3730.

8. JoAnn Russell brings this action to impose liability upon Odyssey for violations of 31 U.S.C. § 3729 and non-compliance with various federal regulations which occurred as a result of the defendant's submission of false claims for monetary reimbursement to the United States pursuant to Odyssey's non-compliance with agreements made with the United States Government.

9. The Relator, JoAnn Russell, was at all times material to this complaint, an employee of the defendant, commencing employment in February of 2002. For a portion of her employment at Odyssey, Russell held the position of at Odyssey as their Regional Clinical Director in their North East and Midwest Regions. In that capacity, Russell's duties included the auditing of Odyssey's compliance with various federal regulations, promulgated partly under 42 C.F.R. § 418.

2

10. After commencing employment with defendant, Odyssey, the plaintiff learned of various violations and acts of non-compliance with federal statutes and regulations, as described below.

11. The Relator, with knowledge that it was a violation of Federal law to knowingly or willfully make or cause to be made any false statement, misrepresentation of material fact or otherwise act in non-compliance with statutes and regulations governing Medicare, in writing informed her General Manager, the Regional Vice President and to her boss, Kathy Ventre, that Odyssey was in violation and noncompliance with various federal statutes and regulations.

12. On numerous occasions subsequent thereto, Odyssey knowingly, intentionally and willfully submitted false claims, records and statements to officials of the United States for the purpose of obtaining compensation for the services they provided to their clients and failed to comply with the requisite regulations as referenced above and described below:

a. Pursuant to 42 C.F.R § 418 generally and specifically sections 418.1; 418.20; 418.22; 418.50; 418.74; 418.202; 418.301; 418.306, there are requirements that must be met for the certification of clients for hospice care that will be partially reimbursed by the federal government. Specifically, § 418.22 requires a certification of terminal illness. Relator, among other knowledge of falsification, has knowledge of the falsification of information to the federal government by Odyssey because when she audited their offices, she reviewed the medical records and identified the patients that were not appropriate for Hospice services because of their characteristics. She would recommend the discharge of these patients who did not meet the criteria and was responded to unfavorably by Odyssey. Relator has knowledge of how the General Managers of Odyssey are under pressure to admit patients who do not fulfill the required characteristics. Relator has knowledge of many instances of Odyssey keeping clients that did not meet the certification requirements and for which Odyssey was getting compensation from the federal government.

3

Relator also has knowledge of a practice of backdating re-certifications for Hospice patients in certain circumstances.

13. As a result of Russell's refusal to overlook federal aid requirements, Odyssey abruptly terminated her employment.

14. The United States of America has been damaged by all of the aforementioned misrepresentations and failures to comply with requisite agreements and regulations in an as of yet undetermined amount with respect to the aforementioned misrepresentations and failures to comply, Odyssey knowingly made false claims to officials of the United States for the purpose of obtaining compensation for the services they offered to their clients.

## PRAYER FOR RELIEF

Wherefore, the United States is entitled to damages from Odyssey in accordance with the provisions of 31 U.S.C. §§ 3729-3733, of which up to twenty-five percent should be paid to *qui tam* plaintiff, JoAnn Russell, as relator, and such further relief as this Court may deem appropriate or proper.

PLEASE TAKE NOTICE THAT THE PLAINTIFF DEMANDS THE ABOVE ENTITLED ACTION TO BE TRIED TO A 12 PERSON JURY.

Respectfully submitted and dated this 8th day of September 2003.

Cross Law Firm, S.C.
Attorneys for JoAnn Russell

By: _____
Nola J. Hitchcock Cross
Wisconsin State Bar Number: 1015817
Jonathan A. Gruhl
Wisconsin State Bar Number: 1037156
Lawyer's Building
845 North 11th Street
Milwaukee, WI 53233
Phone: (414) 224-0000
Fax: (414) 273-7055

4